## THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

### APPEAL NO. 18-2160

### UNITED STATES
Appellee

**v.**

### JAMES FRANCIS GORMAN
Defendant-Appellant

---

### UNITED STATES' MOTION REQUESTING REMAND FOR RESENTENCING

---

**TO THE HONORABLE COURT:**

**COMES NOW** Appellee, the United States of America, through the undersigned attorneys, and to this Honorable Court respectfully states and prays as follows:

Upon reviewing the record in this case, the United States agrees with defendant-appellant James Francis Gorman's request for remand for a revocation resentencing hearing because the district court considered *ex parte* information without allowing Gorman to contest the new information

when it came to selecting the sentence.[1] (AB at 13-23).

"In arriving at an appropriate sentence, a district court enjoys 'broad discretion in the information it may receive and consider regarding [a] defendant and his conduct.'" *United States v. Rivera-Rodríguez*, 489 F.3d 48, 53 (1st Cir. 2007) (alteration in original) (*quoting United States v. Curran*, 926 F.2d 59, 61 (1st Cir. 1991)). That said, it is axiomatic "that a convicted defendant has the right to be sentenced on the basis of accurate and reliable information, and that implicit in this right is the opportunity to rebut the [] evidence and the information" to be considered by the court. *Id*. The Court has "held that 'a defendant may not be placed in a position where, because of his ignorance of the information being used against him, he is effectively denied an opportunity to comment on or otherwise challenge material information considered by the district court.'" *United States v. Kenney*, 756 F.3d 36, 49-50 (1st Cir. 2014) (quoting *United States v. Berzon*, 941 F.2d 8, 21 (1st Cir. 1991)).

---

1.    Citation conventions and abbreviations herein will be: DE (Docket Entry or Entries related to Criminal Case No. 17-161 (ADC)); AB (Appellant's Brief); AA (Appellant's Addendum); JA (Joint Appendix). ASA (Appellant's Sealed Appendix).

"Although revocations of probation, parole, or supervised release are not considered part of a criminal prosecution, they nevertheless entail a loss of freedom and a deprivation of liberty." *United States v. Correa-Torres*, 326 F.3d 18, 22 (1st Cir. 2003). Accordingly, a district judge's reliance on information not available to a defendant in advance of sentencing can violate due process and Fed. R. Crim. P. 32.1.1. To show a violation, two factors must be present. First, the undisclosed information must be "significant" or "materially relied on" by the district court in determining the sentence. *Rivera-Rodríguez*, 489 F.3d at 54-56; *Berzon*, 941 F.2d at 17-20. Second, the information must be "new" to the defendant and his counsel or, in other words, not in the indictment, plea agreement, presentence report, or other parts of the case record. *Kenney*, 756 F.3d at 50; *Rivera-Rodríguez*, 489 F.3d at 54-55; *see also United States v. Bramley*, 847 F.3d 1, 7 (1st Cir. 2017).

Here, the final revocation record reveals that prior to the hearing, the district court discussed *ex parte* new information with the probation officer regarding Gorman's consensual partner and alleged lack of threats made by former employees of Gorman. (DE 78 at 3-15; DE 79 at 8, 11-13; AA 15, 18-20; JA 141-53). Moreover, at the revocation hearing, the court had the probation officer state what were the new facts without giving Gorman an

3

opportunity to cross-examine the probation officer. (DE 78 at 11-13; AA 18-20). Nor was he allowed the opportunity to investigate the probation officer's claims. (*Id*). At sentencing, the court found that Gorman kept "giving excuses" and had "always an explanation and a scenario under which he put[] and portray[ed] things that have happened." (DE 79 at 26; AA 33). Gorman was then sentenced to the high end of the guidelines range—an 11-month term of imprisonment. (DE 73; DE 79 at 28; AA 35). The court also imposed an 8-year supervised release term. (*Id*.). Moreover, the district court imposed special conditions requiring Gorman to: 1) provide the probation officer access to financial information; 2) to participate in substance abuse monitoring/treatment, and 3) be evaluated for or participate in sex offender treatment. (DE 79 at 28-31; AA 35-38, 50).

Because the district court's statements and the record showed that the district court relied upon *ex parte* information to impose the sentence, the revocation sentence should therefore be vacated and the case be remanded for resentencing.[2] Upon remand, the district court will have the opportunity

---

2.    Although Gorman has completed his 11 months' imprisonment, the "appeal is not rendered moot" because he is currently serving the 8-year supervised release term, which he seeks to vacate. (AB at 23); *see United States v. Carter*, 860 F.3d 39, 43 (1st Cir. 2017); *United States v.*

exercise its discretion based on the relevant 18 U.S.C. § 3553(a) factors to

impose the same or different sentence and supervised release terms and

conditions.

_____

*Prochner*, 417 F.3d 54, 59 n.4 (1st Cir. 2005); *United States v. Molak*, 276 F.3d 45, 48 (1st Cir. 2002). Moreover, in light of the remand for resentencing, any issue regarding Gorman's supervised release conditions is moot. On remand, the district court can reconsider the three special conditions noted above. *See United v. Kennan*, 499 F. App'x 81, 84 (2d Cir. 2012) (allowing the district court on remand to reconsider the special conditions).

**WHEREFORE**, it is respectfully requested that this Honorable Court of Appeals take notice of the United States' request that this Court vacate the district court's revocation sentence and remand for resentencing.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 6th day of April, 2020.

> W. Stephen Muldrow
> United States Attorney
>
>
> Mariana E. Bauzá-Almonte
> Assistant United States Attorney
> Chief, Appellate Division
>
>
> /s/ Thomas F. Klumper
> Assistant United States Attorney
> Senior Appellate Counsel
> U.S. Attorney's Office
> Torre Chardón, Room 1201
> 350 Carlos Chardón Avenue
> San Juan, Puerto Rico 00918
> Tel. (787) 766-5656
> Fax (787) 771-4050

**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

_____

**CERTIFICATE OF COMPLIANCE**
**WITH TYPEFACE AND LENGTH LIMITATIONS**

_____

**APPEAL NO. 18-2160**

**UNITED STATES**
**APPELLEE**

**V.**

**JAMES FRANCIS GORMAN**
**DEFENDANT - APPELLANT**

1.     This motion has been prepared using:

 X   14 point, proportionally spaced, serif typeface. Software name and version, typeface name, and point size: MS Word 2016, Book Antiqua, 14 point.

2.     This document complies with the word limit of Fed. R. App. P. 27(a)(2)(B) because, excluding the parts of the document exempted by the Fed. R. App. P. 32(f) and Fed. R. App. P. 27(a)(2)(B):

 X   this document contains  865  words, or

____   this brief uses a monospaced typeface and contains [state the number of] lines of text.


     I understand that a material misrepresentation can result in the Court striking the brief or imposing sanctions.  If the Court so directs, I will provide a copy of the word or line print-out.

                                                     /s/ Thomas F. Klumper

Date: April 6, 2020                         Signature of Filing Party

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 6, 2020, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will

send notification to counsels of record for the appellant.

> /s/ Thomas F. Klumper
> Assistant United States Attorney
> Senior Appellate Counsel