UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

_____

No. 18-2160
_____

UNITED STATES OF AMERICA,
Appellee

v.

JAMES FRANCIS GORMAN,
Appellant
_____

**RESPONSE TO UNITED STATES' MOTION REQUESTING
REMAND FOR RESENTENCING**

On April 6, 2020, the government filed a motion asking this Court to remand James Gorman's case for resentencing "because the district court considered *ex parte* information without allowing Mr. Gorman to contest the new information when it came to selecting the sentence." Gov. Mtn. 1-2.[1] If this Court grants the government's motion, Mr. Gorman asks that the remand order provide that the case should be reassigned to a different

1

district court judge, with a recommendation that the case be transferred to Massachusetts where Mr. Gorman lives and is supervised. Mr. Gorman also asks that any remand order make clear that each of the issues discussed in his opening brief may be raised and considered on resentencing.

This Court has held that "[w]here there is reason to think that a judge will base sentencing determinations on unreliable or inaccurate information, remand to a different judge is warranted." *United States v. Alvira-Sanchez*, 804 F.3d 488, 496 (1st Cir. 2015); *see also United States v. Craven*, 239 F.3d 91, 103 (1st Cir. 2001) (noting that it would be "difficult, if not impossible, for a judge, no matter how sincere, to purge [ex parte] information from her mind—and, equally, to maintain the perception of impartiality"). It has explained that "[t]hese concerns crest in the criminal sentencing context," particularly where "the information gleaned ex parte was incontrovertibly the basis for the sentencing decision." *Craven*, 239 F.3d at 103. Remand to a different judge is also warranted "if the original

---

[1] References are as follows: Gov. Mtn. refers to the United States' Motion Requesting Remand for Resentencing; D.E. refers to a district court docket entry; and Appellant Br. refers to Mr. Gorman's opening brief.

judge displayed a 'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Alvira-Sanchez*, 804 F.3d at 496 (quoting *Yosd v. Mukasey*, 514 F.3d 74, 78 (1st Cir. 2008)).

The government agrees that "the district court judge relied upon *ex parte* information to impose the sentence…." Gov. Mtn. 4. Not only did the judge rely on this information, it colored her view of Mr. Gorman from the outset. When Mr. Gorman's attorney started arguing for "mitigation," the judge began discussing the ex parte information and described Mr. Gorman as someone who was trying to "manipulate the Court." Add. 15-16; *see also* Appellant Br. 15-20. The ex parte information was highly prejudicial, and the extent to which it impacted the sentencing decision is evident throughout the transcript. *See* Appellant Br. 13-23. The judge's discussion of this information shows the type of "antagonism" that would make fair judgment on remand impossible. *See Alvira-Sanchez*, 804 F.3d at 496. Given the government's acknowledgement that the court relied on ex parte information, and the extent to which this information influenced the sentencing decision, if this Court remands this case, it should send it to a

3

different district court judge.[2]

Mr. Gorman raised three issues in his opening brief. *See, e.g.*, Appellant Br. 1, 11. The government's motion addresses two: it agrees that the district court improperly considered ex parte information; and it notes that his complaints about his supervised release conditions can be addressed on resentencing. Gov. Mtn. 4-5 & n.2. The government's motion does not mention Mr. Gorman's argument that his 8-year term of supervised release is improper because it derived from his original

---

[2] Mr. Gorman asks this Court to recommend that the case be transferred to the District of Massachusetts on remand. Mr. Gorman is not from Puerto Rico, and after the events that led to this revocation, he worked to move to a state where he had more connections. *See* Add. 13-15, 26-28, 39-43. Mr. Gorman served his revocation sentence in New York, and Massachusetts agreed to supervise him when he was released in June 2019. *United States v. Gorman*, 17-cr-00161, D.E. 82, 83. He has been living and working in Massachusetts since his release. In December 2019, jurisdiction over his supervision was transferred to Massachusetts pursuant to 18 U.S.C. §3605. *United States v. Gorman*, 19-cr-10482, D.E. 1. This transfer permits Massachusetts to change his period of supervised release without "further inquiry" by Puerto Rico. *Id.*
    Traveling to Puerto Rico would be a financial hardship for Mr. Gorman. Particularly given the current COVID-19 virus pandemic, travel to Puerto Rico is unsafe and is likely impossible. A transfer to Massachusetts would serve the interests of judicial economy. The probation officer who has been supervising Mr. Gorman since June 2019, and Mr. Gorman's treatment professionals are also in Massachusetts.

sentence to 10 years of supervision, which was an unjustified above-Guidelines sentence. *See* Appellant Br. 23-29. Any remand order should make clear that the district court may consider all three of these arguments on resentencing.

JAMES FRANCIS GORMAN,
By his attorney:

*/s/ Christine DeMaso*
Christine DeMaso ID No. 1168061
Federal Public Defender Office

**Temporary Address (due to COVID-19 virus pandemic):**
PO Box 51268
Boston, MA 02205

**Permanent Address:**
51 Sleeper St., 5th Floor
Boston MA 02210

617-223-8061

Dated: April 10, 2020

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because:

>   it contains 781 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

>   this brief has been prepared in a proportionally spaced typeface using Microsoft Word and 14-point Book Antiqua font.

>   */s/ Christine DeMaso*
>   Christine DeMaso

>   Attorney for Appellant

>   Dated: April 10, 2020

## CERTIFICATE OF SERVICE

    I, Christine DeMaso, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, including all counsel of record, specifically Mariana E. Bauzá-Almonte, Elba I. Gorbea Padró, and Thomas F. Klumper as identified on the Notice of Electronic Filing on April 10, 2020.

                              */s/ Christine DeMaso*
                              Christine DeMaso